# Order

Michigan Supreme Court
Lansing, Michigan

October 21, 2020

159936

*In re* PAROLE OF FREDERICK WILKINS
_____

MONROE COUNTY PROSECUTING
ATTORNEY,
      Appellee,

v

FREDERICK WILKINS,
      Appellee,
and

PAROLE BOARD,
      Intervenor-Appellant.
_____/

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

SC: 159936
COA: 344426
Monroe CC: 18-140703-AP

      By order of April 29, 2020, the prosecuting attorney was directed to answer the application for leave to appeal the March 26, 2019 judgment and the June 3, 2019 order of the Court of Appeals. On order of the Court, the answer having been received, the application for leave to appeal is again considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE the June 3, 2019 order of the Court of Appeals and the May 16, 2019 order of the Monroe Circuit Court, and we REINSTATE the decision of the Parole Board. It is the judgment of the Parole Board, not the circuit court, that is entitled to deference in this appeal from the decision of an administrative agency. The Parole Board did not clearly abuse its discretion or violate the Michigan Constitution or any statute, rule, or regulation by granting parole in this case. See MCR 7.118(H)(3). Because the prisoner's parole-guidelines score gave him a high probability of parole, the Parole Board was required to grant parole absent substantial and compelling reasons for a departure. See MCL 791.233e(6). The circuit court erred by ignoring this restriction on the Parole Board's exercise of its discretion. The circuit court also impermissibly substituted its judgment for that of the Parole Board. After interviewing the prisoner and conducting a thorough review of his file, the Parole Board found reasonable assurance that he would not become a menace to society or to the public safety. See MCL 791.233(1)(a). Further, in light of the detailed mental-health

aftercare plan prepared on the prisoner's behalf, the Parole Board had "satisfactory evidence that arrangements have been made . . . for the prisoner's care if the prisoner is mentally or physically ill or incapacitated." See MCL 791.233(1)(e). In light of the record evidence, the Parole Board's decision to grant parole fell within the range of principled outcomes and the Court of Appeals erred by affirming the circuit court's reversal of the Parole Board's decision.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 21, 2020



Clerk

t1014